UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JERROD WILSON** | : | **DOCKET NO. 2:23-cv-01080** |
| **D.O.C. # 1492339** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **TONY MANCUSO** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint [doc. 5] filed pursuant to 42 U.S.C. § 1983 by plaintiff Jerrod Wilson ("Wilson"), who is proceeding *pro se* and *in forma pauperis* in this matter. Wilson is a prisoner in the custody of the Louisiana Department of Corrections and is currently incarcerated at the Calcasieu Correctional Center in Lake Charles, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the suit be **DISMISSED WITHOUT PREJUDICE**.

**I.**
**BACKGROUND**

Plaintiff brings the instant civil rights suit against the Calcasieu Parish Sheriff, Tony Mancuso, making allegations related to the conditions of his confinement. First, plaintiff alleges that he has been exposed to excessive heat at CCC which has caused him to suffer from heat exhaustion and lack of sleep from "worrying of catching a heart attack." Doc. 5, p. 4. He also complains that the drinking water at CCC causes him to suffer constipation, vomiting, headaches,

liver and kidney pains and possible cancers due to the high levels of chlorine contained therein. *Id.* Finally, he complains that he has not received any medical care.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Wilson has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained

of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Conditions of Confinement

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. "The Constitution does not mandate comfortable prisons . . . but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (per curiam) (internal quotations omitted)). An Eighth Amendment violation occurs when a prison official acts with deliberate indifference to an inmate's health and safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

"Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice,* 239 F.3d 752, 755 (5th Cir. 2001). The test for deliberate indifference has both an objective and subjective prong. *Id*. at 839. Under the objective prong, the inmate must first prove "an objective exposure to a substantial risk of harm." *Valentine v. Collier*, 993 F.3d 270, 281 (5th Cir. 2021). To prove the subjective prong of the deliberate indifference test, the inmate must establish that the prison official "had subjective knowledge that the inmate faced a substantial risk of harm [to the inmate's health and safety] and ... [consciously] disregarded the risk." *Id.; see also Lawson v. Dallas Cnty.,* 286 F.3d 257, 262 (5th Cir. 2002).

A prison official's knowledge of a substantial risk may be inferred if the risk was obvious. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). The Fifth Circuit nevertheless has "consistently recognized . . . that 'deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.'" *Dyer v.*

*Houston*, 964 F.3d 374, 381 (5th Cir. 2020) (quoting *Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 458-59 (5th Cir. 2001)); *see also Aguirre v. City of San Antonio*, 995 F.3d 395, 420 (5th Cir. 2021) ("Negligence or even gross negligence is not enough, the officials must have actual knowledge of the substantial risk"). The Supreme Court further explains that "an official's failure to alleviate a significant risk that he should have perceived but did not" falls short of constituting deliberate indifference. *Farmer*, 511 U.S. at 838. Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of humankind. *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997) (citations omitted).

   *a.* **Heat**

First, plaintiff alleges that he was subject to extreme heat during the summer at CCC due to the lack of fans and lack of proper ventilation. However, the responses to his administrative grievances, provided by plaintiff in his original complaint provide "[y]ou have fans and access to showers any time during the day. State and federal court has (sic) not found lack of providing air conditioning cruel and unusual punishment. We do provide exhaust fans and ceiling fans." Doc. 1, p. 10. Accordingly, the response from prison officials belies plaintiff's allegation that there are no fans in the prison. Furthermore, conclusory claims of inadequate ventilation, without more, implicate no federal constitutional right. *Johnson v. Texas Board of Criminal Justice*, 281 Fed. App'x 319, 321 (5th Cir. 2008); *Johnson v. Thaler*, No. 99-20222, 1999 WL 1131941, at *1 (5th Cir. Nov. 12, 1999); *Parker v. Smith*, No. 93-5542, 1994 WL 198944, at *2 (5th Cir. May 6, 1994); *Carter v. Strain*, Civ. Action No. 09-15, 2009 U.S. Dist. LEXIS 91301, 2009 WL 3231826, at *3 (E.D. La. Oct. 1, 2009).

### b. Water

The plaintiff also makes complaints related to alleged unsafe water. Specifically, he contends that the drinking water at CCC contains high levels of chlorine. Although Plaintiff asserts that the water at CCC is contaminated, his allegation is purely speculative. He speculates that he has suffered from "constipation, vomiting, headaches, liver and kidney pains and possible cancers" from the water, but he has provided no medical evidence or diagnosis to substantiate this claim, despite being seen my jail medical staff. Plaintiff's speculative and conclusory allegations about contaminated water and any resulting injuries fail to state a claim. *See e.g. Lee v. Davis*, No. 6:21cv147, 2021 U.S. Dist. LEXIS 175582, 2021 WL 4185881, at *3 (E.D.Tex. Aug. 9, 2021) (finding no factual basis for plaintiff's suggestion that his H. pylori infection was caused by contaminated drinking water); *Taylor v. Bird*, No. 2:20-cv-2007 JAM DBP, 2021 U.S. Dist. LEXIS 196643, 2021 WL 4751270, at *2 (E.D.Calif. Oct. 12, 2021) ("[u]nfounded speculation that plaintiff's renal failure was caused by contaminated water is not enough on its own to state a claim."); *Moore v. Goings*, No. 1:09CV587, 2011 U.S. Dist. LEXIS 83383, 2011 WL 3328685, at *2 (E.D.Tex. Apr. 22, 2011) (dismissing as conclusory plaintiffs allegations that contaminated water may have exposed inmates to environmental hazards and toxic materials); *McIntosh v. Camp Brighton*, No. 14-CV-11327, 2014 U.S. Dist. LEXIS 54652, 2014 WL 1584173, *2 n.1 (E.D. Mich. Apr. 21, 2014) (dismissing an inmate's claim as frivolous where her allegations of contaminated water were conclusory and she failed to "set forth any specifics, such as ... why she believe[d] the drinking water was contaminated").

### D. Medical

Finally, plaintiff argues that he has been denied medical care for his health issues caused by the alleged excessive heat and contaminated water. In order to state a § 1983 claim for denial

of adequate medical treatment, a prisoner must allege that prison officials acted with deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Deliberate indifference requires that prison officials both be aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving the risk, must deliberately fail to act. *Farmer*, 511 U.S. at 837.

In the context of medical treatment, the prisoner must show "that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted). A "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference [that] results in substantial harm." *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006).

"Deliberate indifference is an "extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001). As long as prison medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *Youngberg v. Romeo*, 457 U.S. 307, 322-23 (1982). Furthermore, "unsuccessful medical treatment and acts of negligence or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with [his] medical treatment, absent exceptional circumstances." *Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012).

In the instant case, it is evident that plaintiff's need for medical treatment was not met with deliberate indifference. On the contrary, plaintiff himself conceded that he was examined by the jail's medical staff and told that his "high blood pressure because he just had ate." Doc. 5, p. 4. It

is of no moment that he disagrees with this diagnosis. Absent exceptional circumstances, a prisoner's disagreement with his medical treatment simply does not constitute deliberate indifference. *Gobert*, 463 F.3d at 346. Moreover, "the question of whether ... additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. Generally, such matters of professional medical judgment are better left to the medical expertise of physicians rather than to the legal expertise of judges. Federal courts are therefore loath to second-guess such medical decisions in federal civil rights actions. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."); *Castro v. Louisiana*, Civ. Action No. 08-4248, 2008 U.S. Dist. LEXIS 123108, 2008 WL 5169401, at *4 (E.D. La. Dec. 8, 2008) ("[M]edical judgments are not to be lightly second-guessed in a federal civil rights action.").

In summary, the determinative issue here is not whether the medical treatment plaintiff received was subpar in some respect, whether his medical problems persisted despite treatment, or whether he was dissatisfied with his care; rather, it is only whether his serious medical needs were met with deliberate indifference. Because it is evident that there was no deliberate indifference in this case with respect to plaintiff's treatment for medical conditions, this claim should be dismissed as frivolous.

### III.
### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that the instant suit be **DISMISSED WITH PREJUDICE as frivolous and for failure to state a claim**.

**IT IS FURTHER RECOMMENDED** that the pending Motion for Temporary Restraining Order (doc. 1) be **DENIED** as MOOT.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 28th day of December, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE